UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

FILED

2025 NOV 17 AM 8:44

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Adam Banaczyk,

Plaintiff,

v.

Amerimed Emergency Medical Services, Inc.,

Defendant.


Case No.: _____

Judge: _____


COMPLAINT


(Title VII – Sex Discrimination, Hostile Work Environment, and Retaliation)


Plaintiff, Adam Banaczyk, for his Complaint against Amerimed Emergency Medical Services, Inc. ("Amerimed"), alleges as follows:


I. JURISDICTION AND VENUE


This Court has jurisdiction pursuant to 28 U.S.C. §1331 because this action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.


Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b) because the unlawful employment practices occurred in this District and Plaintiff was employed in Clarksville, Tennessee.

Plaintiff timely filed EEOC Charge No. 494-2024-04579 alleging sexual discrimination and retaliation.

The EEOC issued Plaintiff a Notice of Right to Sue on August 29, 2025, and this action is filed within 90 days of Plaintiff's receipt of the notice.

## II. PARTIES

Plaintiff Adam Banaczyk is an individual residing in Clarksville, Tennessee.

Defendant Amerimed Emergency Medical Services, Inc. is a private EMS company doing business in Tennessee and an "employer" under Title VII, employing well over 15 employees.

## III. FACTUAL ALLEGATIONS

Plaintiff was employed by Amerimed as an Emergency Medical Technician.

During Plaintiff's employment, Plaintiff's direct supervisor engaged in sexually inappropriate behavior in a work-group communication channel, including messages of a sexual nature, unprofessional commentary, and conduct that created a hostile work environment for Plaintiff.

Plaintiff was exposed to behavior and communications that were sex-based, inappropriate, and unwelcome in a professional EMS environment.

Plaintiff reasonably believed this conduct violated workplace policy and Title VII's prohibitions against sex discrimination and harassment.

Plaintiff did not welcome or participate in the sexualized communications initiated by his supervisor.

Plaintiff's workplace became increasingly hostile due to the supervisor's behavior and the power imbalance created by the supervisor's role.

After issues involving Plaintiff's partner occurred (including disciplinary matters unrelated to Plaintiff), Amerimed began to treat Plaintiff adversely—even though Plaintiff did not commit any violation.

Plaintiff's association with his partner became grounds for increased scrutiny and mistreatment.

Amerimed's enforcement of policies was uneven and discriminatory, with other employees violating SOPs without discipline while Plaintiff was targeted.

Plaintiff's objections and resistance to the hostile environment and discriminatory treatment resulted in retaliatory behavior, including threats to his employment and eventually termination.

Plaintiff was terminated shortly after the events involving the supervisor's inappropriate conduct and Plaintiff's protected activity.

The timing of the termination is consistent with retaliation under Title VII.

Plaintiff suffered lost wages, emotional distress, reputational damage, and other economic and non-economic harm as a result of Amerimed's actions.

Amerimed's actions were intentional, reckless, and in disregard of Plaintiff's federally protected rights.

IV. CAUSES OF ACTION

COUNT I – SEX DISCRIMINATION (Title VII)

Plaintiff realleges paragraphs 1–20 as though fully set forth herein.

Defendant subjected Plaintiff to sex-based discrimination, including a sexually charged and inappropriate environment created by his supervisor.

The conduct altered the terms and conditions of Plaintiff's employment and violated Title VII.

As a result, Plaintiff suffered damages.

COUNT II – HOSTILE WORK ENVIRONMENT (Title VII)

Plaintiff realleges paragraphs 1–24.

Plaintiff was subjected to unwelcome sexual conduct and communications by a supervisor.

The conduct was severe or pervasive enough to create a hostile or abusive working environment.

Defendant is liable for the conduct of Plaintiff's supervisor.

Plaintiff suffered damages.

COUNT III – RETALIATION (Title VII)

Plaintiff realleges paragraphs 1–29.

Plaintiff engaged in protected activity by objecting to, resisting, or being adversely affected by unlawful discriminatory conduct.

Defendant retaliated by subjecting Plaintiff to adverse actions, including disparate treatment, threats to his job security, and termination.

The termination occurred because of Plaintiff's protected activity, in violation of Title VII.

Plaintiff suffered damages.

V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Award back pay, front pay, and lost benefits;

B. Award compensatory damages for emotional distress and humiliation;

C. Award punitive damages for reckless disregard of Plaintiff's rights;

D. Award costs and reasonable attorney's fees (if Plaintiff later obtains counsel);

E. Grant reinstatement or, in the alternative, future wage compensation;

F. Award any additional relief the Court deems just and proper.

VI. JURY DEMAND

Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted,

11/14/25

Adam Banaczyk

Plaintiff, Pro Se

1939 STOKES CHAPEL RD

ELKTON, KY 42220

Phone: 270 348 3938

Email: Banaczyk27@Yahoo.com