ADAM BANACZYK )
    **Plaintiff,** )    **Case No. 3:25-cv-01330**
)    **JURY DEMANDED**
**v.** )
)    **Judge Aleta A. Trauger**
AMERIMED EMERGENCY MEDICAL ) **Magistrate Judge Luke A. Evans**
SERVICES, LLC, )
    **Defendant.** )

## AMERIMED EMERGENCY MEDICAL SERVICES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Comes now Defendant Amerimed Emergency Medical Services, LLC[1] ("Amerimed"), which respectfully submits its Answer to the Complaint filed by Plaintiff Adam Banaczyk ("Plaintiff") and responds to the allegations set forth in that Complaint as follows:

### I. JURISDICTION AND VENUE

1. Paragraph 1 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits only that Plaintiff's Complaint purports to assert violations of the Civil Rights Act. Amerimed denies all other allegations in Paragraph 1 of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Amerimed admits the allegations in Paragraph 2 of Plaintiff's Complaint which are not legal conclusions.

3. Defendant admits that Plaintiff filed a charge with the EEOC which was dismissed.

4. Defendant admits that the Notice of Right to Sue was issued on August 29th, 2025.

---

[1] In his Complaint caption, Plaintiff incorrectly refers to Amerimed as an incorporated entity ("Amerimed Emergency Medical Services, Inc.").

1

## II. PARTIES

5. Defendant admits that Plaintiff is an individual, but denies for lack of knowledge all other allegations in Paragraph 5 of Plaintiff's Complaint

6. Defendant admits that Defendant is a foreign limited liability company operating in Tennessee and that during the time at issue in the Complaint had more than 15 employees in the state.

## III. FACTUAL ALLEGATIONS

7. Defendant admits that Plaintiff was employed as an Emergency Medical Technician.

8. Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9. Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Complaint.

## IV. CAUSES OF ACTION

## COUNT I- SEX DISCRIMINATION (Title VII)

21. Defendant restates its responses to the preceding paragraphs as if fully rewritten herein.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint.

23. Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint.

24. Defendant denies the allegations in Paragraph 24 of Plaintiff's Complaint.

## COUNT II- HOSTILE WORK ENVIRONMENT (Title VII)

25. Defendant restates its responses to the preceding paragraphs as if fully rewritten herein.

26. Defendant denies the allegations in Paragraph 26 of Plaintiff's Complaint.

27. Paragraph 27 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of Plaintiff's Complaint.

28. Paragraph 28 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 28 of Plaintiff's Complaint.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint.

## COUNT III- RETALIATION (Title VII)

30. Defendant restates its responses to the preceding paragraphs as if fully rewritten herein.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Paragraph 33 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 33 of Plaintiff's Complaint.

34. Defendant denies the allegations in Paragraph 34 of Plaintiff's Complaint.

## V. PRAYER FOR RELIEF

35. The prayer for relief and any allegation not expressly addressed above are hereby denied.

## AFFIRMATIVE DEFENSES

As separate defenses to the allegations contained in the Complaint and the causes of action set forth therein and without assuming any additional burdens of proof, Amerimed states as follows:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or time to file and serve a Complaint.

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, estoppel, accord and satisfaction, payment, failure of consideration, and laches.

4. Plaintiff was terminated for cause and not for a discriminatory purpose.

4

5. Plaintiff refused to perform work, abandoned his job and is not entitled to relief or damages.

6. To the extent that Plaintiff raises claims that were not part of the EEOC Complaint, those claims are barred. Specifically, the Plaintiff only alleged gender discrimination in the EEOC filing, there was no allegation of hostile working environment and those claims are barred as a matter of law.

7. Defendant reserves the right to file additional defenses as may be appropriate based on information gathered during discovery.

WHEREFORE, having fully answered, Defendant requests that the Court enter judgment in its favor on all counts in Plaintiff's Complaint, dismiss the Complaint in its entirety, and award Defendant its reasonable costs, expenses, attorneys' fees, and such other relief that the Court deems fair.

Respectfully submitted,

/s/ Jack C. Webber
Christopher C. Sabis (TN BPR #030032)
Jack C. Webber (TN BPR #042522)
SHERRARD ROE VOIGT & HARBISON
1600 West End Avenue, Suite 1750
Nashville, TN 37203
Telephone: (615) 742-4200
Facsimile: (615) 742-4539
csabis@srvhlaw.com
jwebber@srvhlaw.com

Christopher Kelly (TN BPR #019453)*
WERFEL, MOORE, & KELLY
100 S. Main St., Suite 100J
Middleton, MA 01949
Telephone: (781) 242-2111
ckelly@wmklawgroup.com

*Attorneys for Amerimed Emergency Medical Services, LLC*
*Pro Hac Vice Application Pending

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 23, 2026, I electronically filed the foregoing *Amerimed Emergency Medical Services, LLC's Answer and Affirmative Defenses* with the Clerk of Court using the CM/ECF system, and further served Plaintiff via U.S. mail and electronic mail as detailed below:

Adam Banaczyk
1939 Stokes Chapel Road
Elkton, KY 42220
Phone: (270) 348-3938
banaczyk27@yahoo.com

*Plaintiff*

*/s/ Jack C Webber*
Jack C. Webber

6